[Cite as *State v. Mallory*, 2023-Ohio-1975.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 112074 |
| v. | : | |
| VICTOR MALLORY, JR., | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 15, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-666510-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kerry A. Sowul, Assistant Prosecuting Attorney, *for appellee*.

Scott J. Friedman, *for appellant*.

MICHAEL JOHN RYAN, J.:

{¶ 1} Defendant-appellant, Victor Mallory Jr., appeals his conviction, rendered after a bench trial, on one count of rape with a sexually violent predator specification, and one count of importuning. After a thorough review of the facts and the law, we affirm.

{¶ 2} In 2021, Mallory was indicted on one count of rape, in violation of R.C. 2907.02(A)(1)(b), with a specification that he is a sexually violent predator and one count of importuning, in violation of R.C. 2907.07(A). Mallory waived his right to a jury trial, and the matter proceeded to a bench trial.

{¶ 3} The victim in this case is a minor girl, who was 12 years old at the relevant time; Mallory was 26. In August 2021, the victim received a direct message on the Instagram app, which she accessed on her tablet, from someone using the profile name g.o.a.t.64, later identified as Mallory.

{¶ 4} The direct message conversation between Mallory and the victim quickly escalated. They exchanged several sexually explicit messages over the course of the next several days as well as audio and video calls; all sent through Instagram. When age was discussed, Mallory told the victim he was "about to be 18"; the victim testified she told Mallory she was 14 years old. At one point, one of the victim's friends, who had access to the victim's Instagram account, was also messaging Mallory. Mallory eventually asked the victim to meet him in person. He also suggested she bring her friend, but the victim declined.

{¶ 5} On August 10, 2021, around 11 p.m., Mallory messaged the victim to tell her he was parked on the street near her apartment. The victim walked from her apartment to Mallory's car and sat inside on the passenger front seat. Mallory drove a short distance before he stopped the car, began touching the victim, and proceeded to have vaginal intercourse with her. The intercourse lasted approximately a minute before the victim complained that it hurt and they stopped. The victim got out of

the car and went home. Mallory called the victim using the Instagram app but she ignored his calls.

{¶ 6} Shortly thereafter, the victim's mother came home from work. The mother noticed her daughter was acting suspicious and nervous and that her daughter's tablet kept receiving Instagram notifications. The mother began looking through the victim's Instagram app and discovered the direct messages from Mallory. The mother messaged Mallory, pretending she was her daughter. She asked for his picture. Mallory placed a video call through the app and the mother saw Mallory's face. During trial, the mother identified the person on the call as Mallory.

{¶ 7} The mother found out from her sister, who had gone to school with Mallory, that he was not 17 years old as he had purported to be. The mother located the contact information for Mallory's parole officer and contacted the officer. The mother also filed a police report and took her daughter to the doctor.

{¶ 8} Tina Funfgeld, a sexual abuse investigator with Cuyahoga County Division of Children and Family Services, interviewed the victim. Funfgeld testified that the purpose of the forensic interview is to address the child's safety and make any necessary medical or psychological referrals. During the interview, the victim disclosed that she met Mallory online. She agreed to meet him in person and met him on her street. She told the social worker she got in his car; he drove down the street, and they had sexual intercourse. The victim specifically described that

Mallory put "his private in her private," which she identified to Funfgeld in colloquial terms.

{¶ 9} According to Shakira Johnson, Mallory's parole office, Mallory was on parole for an unlawful sexual conduct with a minor conviction. Conditions of his parole included that he refrain from using social media and have no unsupervised contact with minors without prior approval from his parole officer.

{¶ 10} In August 2021, Johnson received a call from the victim's mother regarding Mallory. The mother sent Johnson screenshots of her daughter's Instagram messages, and Johnson verified Mallory's picture on his Instagram profile. Johnson contacted Mallory and told him to report to her. He complied and initially denied knowing the victim but then stated, "how old she told [him] she was." Johnson testified that Mallory was found to have violated the conditions of his parole and was sentenced to nine months in prison for the violation.

{¶ 11} Cleveland Police Detective Sabrina Choat was assigned to the investigation. She executed search warrants to Instagram, Facebook, and for Mallory's cell phone. She also prepared the tablet she received from the victim's mother for forensic analysis. Instagram business records showed that an Instagram user account belonging to g.o.a.t.64 was registered on April 23, 2020. The registered email was victormallory@****.com. The Instagram account was linked to Facebook, which was registered under Mallory's cell phone number.

{¶ 12} The court found Mallory guilty on both counts and the sexually violent predator specification and sentenced him to 25 years to life in prison for rape to be served concurrently to six years in prison for importuning.

**Assignments of Error**

I. The appellant's conviction was not supported by sufficient evidence.

II. The appellant's conviction was against the manifest weight of the evidence.

{¶ 13} In his first assignment of error, Mallory contends that the state failed to present sufficient evidence to support his rape conviction because the victim's in-court identification of Mallory was contrary to her prior description of him.

{¶ 14} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Id.*

{¶ 15} Mallory was convicted of rape under R.C. 2907.02(A)(1)(b), which provides that

[n]o person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:

* * *

(b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.

{¶ 16} Mallory was also convicted of importuning under R.C. 2907.07(A), which provides that "[n]o person shall solicit a person who is less than thirteen years of age to engage in sexual activity with the offender, whether or not the offender knows the age of the victim."

{¶ 17} Mallory contends that the victim misidentified him as the perpetrator and the state failed to provide any other evidence linking him to the crime. Specifically, Mallory notes that during the victim's cross-examination, defense counsel asked if she remembered previously identifying the person she "had sex with as someone that had face tattoos," specifically that the offender had a cross tattoo under his left eye. The victim admitted she had previously described the offender as such, and, upon further questioning, made the in-court observation that Mallory did not have any tattoos on his face.

{¶ 18} On re-direct, the victim testified that she had initially described the offender as "light skinned," with a cross tattoo,[1] a chipped tooth, and other tattoos, testifying "like, I can't describe every tattoo, but he had tattoos on his body." The

---

[1] The transcript reflects that during the victim's testimony she "indicated" where on the body she had stated the offender's cross tattoo was, but the transcript does not reflect if the victim indicated the face or another part of the body.

victim reiterated that Mallory was the man she met outside her apartment and "engaged in sexual activity with."

{¶ 19} The victim testified that she did not personally know Mallory when he reached out to her on Instagram. The victim and Mallory exchanged several sexually explicit private messages and Mallory eventually asked the victim to meet him. Mallory told the victim he was 17 years old. He also told the victim numerous times, using graphic, and at times violent, language, that he wanted to have sexual intercourse with her.

{¶ 20} The victim testified she was 12 years old at the time of the incident and she knew she was meeting Mallory to have sexual intercourse. After the assault, the victim's mother came home from work and discovered the Instagram conversations. Pretending to be the victim, the mother messaged Mallory. Mallory placed a video call and the mother saw his face. The mother positively identified Mallory during her testimony.

{¶ 21} After ascertaining Mallory's identity and age, the mother contacted his parole officer. Mallory reported to his parole office and although he denied knowing the victim, he also commented that the victim had told him she was older than 12 years of age.

{¶ 22} Through their investigation, the Cleveland police learned that the Instagram profile with the username "g.o.a.t.64" was registered to the email victormallory@* * *.com. The Instagram account was linked to Mallory's Facebook account and registered under Mallory's cell phone number. Additionally, the

screenshot of the direct messages from Mallory's Instagram profile, entered into evidence as state's exhibit No. 4, lists the name "Mallory Victor" above his profile name, g.o.a.t.64.

{¶ 23} Regarding the face tattoo the victim initially reported that the offender had, pictures of Mallory, entered into evidence as state's exhibits Nos. 5 and 6, show that Mallory has numerous tattoos covering his torso, chest, arms, hands, fingers, and neck.  Therefore, we do not consider the misidentification of a singular tattoo fatal to the victim's identification of Mallory as the offender.

{¶ 24} Considering the above, the state presented sufficient evidence to support Mallory's convictions for rape and importuning.

{¶ 25} The first assignment of error is overruled.

**Manifest Weight of the Evidence**

{¶ 26} In contrast to a sufficiency argument, a manifest weight challenge questions whether the state met its burden of persuasion. *State v. Armstrong*, 8th Dist. Cuyahoga No. 109709, 2021-Ohio-1087, ¶ 24.  A reviewing court examines the entire record, "weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the convictions must be reversed and a new trial ordered." *State v. Thompkins*, 78 Ohio St.3d 380, 388, 678 N.E.2d 541 (1997).  A conviction should be reversed as against the manifest weight of the evidence only in the most "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

{¶ 27} In his second assignment of error, Mallory argues that the trial court, as the trier of fact, lost its way in convicting him because the victim identified the offender as a man with a tattoo on his face "on repeated occasions." However, the record does not reflect to whom the victim stated that the offender had a face tattoo, nor does the record reflect that the victim described the offender as having a face tattoo "on repeated occasions."

{¶ 28} The victim was a 12-year-old child who met the offender in person once, when it was dark outside, and had a brief encounter. Moreover, Mallory's arms, hands, fingers, chest, stomach, and neck are covered in numerous tattoos. The trial court, as the trial of fact in this case, was in the best position to judge the evidence in this case and the credibility of the witnesses, and we will not usurp its role.

{¶ 29} The victim testified that she met Mallory on Instagram and he told her he was 17 years old. Mallory, who was on parole for unlawful sexual conduct with a minor, met the victim outside her apartment. The victim and Mallory had sexual intercourse in his car. The victim and the victim's mother both made in-court identifications of Mallory, and the Cleveland police were able to link the offender's Instagram account to Mallory through his Facebook profile, email, and cell phone number. Moreover, Mallory's insistence to his parole officer that he did not know the victim was contradicted by his subsequent statement that the victim told him she was older than 12 years of age.

{¶ 30} On this record, the second assignment of error is without merit and overruled.

{¶ 31} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

MARY EILEEN KILBANE, P.J., and
MARY J. BOYLE, J., CONCUR